```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
_____
                                        :
VERNON ROBINSON,                        :
                                        :
          Petitioner,                   :   Civ. No. 19-18133 (NLH)
                                        :
     v.                                 :   OPINION
                                        :
WARDEN DAVID ORTIZ,                     :
                                        :
          Respondent.                   :
_____ :
```

APPEARANCES:

Vernon Robinson, 71974-066
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    Petitioner Pro se

John Andrew Ruymann, Chief, Civil Division
Susan R. Millenky, AUSA
Office of the U.S. Attorney
970 Broad St.
Suite 700
Newark, NJ 07102

    Counsel for Respondent

HILLMAN, District Judge

    Petitioner Vernon Robinson, a prisoner presently confined at FCI Fort Dix, New Jersey, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his conviction is invalid due to the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019).  ECF No. 1.

Respondent United States filed a motion to dismiss arguing that the Petition should be dismissed for lack of jurisdiction. ECF No. 3. Petitioner opposes the motion. ECF No. 4. The motion is now ripe for disposition. For the reasons that follow, the Court will grant the motion to dismiss.

I.   BACKGROUND

Petitioner pled guilty on February 25, 2016 to conspiring to distribute 5 kilograms or more of cocaine and 28 grams or more of crack cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B); and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), in the United States District Court for the Eastern District of Pennsylvania. United States v. Robinson, No. 5:15-cr-596 (E.D. Pa. Feb. 26, 2016) (ECF No. 54). The trial court sentenced Petitioner to a total term of 156 months incarceration. Robinson, No. 5:15-cr-596 (E.D. Pa. Dec. 29, 2016) (ECF No. 72).

Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on January 7, 2019. Robinson, 5:15-cr-596, (E.D. Pa. Jan. 7, 2019) (ECF No. 79). He filed this petition under § 2241 on September 19, 2019. ECF No. 1. The Court ordered Respondent to answer, ECF No. 2, and the United States filed the instant motion to dismiss, ECF No. 3. Petitioner opposes the motion. ECF No. 4.

Petitioner argues that his § 922 conviction is invalid after Rehaif, which held that the government must prove the defendant knew he possessed a firearm and that he knew he had the relevant status when he possessed the firearm in order to convict under § 922(g).  "[T]he government omitted from petitioner's plea agreement and the charging Information [] that Robinson knew he possessed a firarm [sic] and . . . the critical element that, Robinson 'Knew' he belonged to the relevant Category of persons barred from possessing a firearm."  ECF No 1-1 at 4-5.  139 S. Ct. 2191 (2019).  The United States argues this Court lacks jurisdiction under § 2241 because Petitioner's § 2255 motion is still pending in the Eastern District of Pennsylvania.

II.  DISCUSSION

    A.  Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520

(1972).  A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

    B.  Analysis

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)).  "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

This Court need not resolve whether Rehaif claims can be filed under § 2241 because it would lack jurisdiction regardless.  Prisoners in the Third Circuit may use § 2241 to challenge their convictions only after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other

4

words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)). "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Id.

Petitioner's § 2255 motion is currently pending in the Eastern District of Pennsylvania, and he has already requested to add this claim to his pending motion. Robinson, 5:15-cr-596, (E.D. Pa. Oct. 31, 2019) (ECF No. 85) (request for permission to amend petition with Rehaif claim).[1] The Court will not stay this action until the § 2255 motion is decided as Petitioner requests, ECF No. 4, because this Court lacks § 2241 jurisdiction over any claim that could have been raised earlier. Bruce, 868 F.3d at 180. Petitioner cannot hedge his bets by filing the same motion in both courts. As for Petitioner's

---

[1] Ironically, Petitioner's request to amend his § 2255 motion to include his Rehaif was docketed the exact same day his opposition was filed in this Court, which argued that he could not raise his Rehaif claim in his § 2255 motion. ECF No. 4.

5

argument that the plea agreement bars any claim other than an ineffective assistance of counsel claim, that is for the Eastern District of Pennsylvania to determine.  Even if it was barred by Petitioner's plea agreement, which this Court does not determine, that would not be a basis for this Court to exercise jurisdiction under § 2241.  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

    Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  The Court finds that it is not in the interests of justice to transfer this habeas petition to the Eastern District of Pennsylvania because Petitioner has already filed a request in that Court asking to amend his § 2255 to include his Rehaif claim.  Robinson, 5:15-cr-596, (E.D. Pa. Oct. 31, 2019) (ECF No. 85).

6

III. CONCLUSION

    For the foregoing reasons, the motion to dismiss for lack of jurisdiction the Petition brought pursuant to 28 U.S.C. § 2241 will be granted.  An appropriate order will be entered.

Dated: June 4, 2020             s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.